UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON JOSEPH SILVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 12-9846 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I.　SUMMARY

On January 11, 2013, plaintiff Jason Joseph Silva ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 17, 2013 Case Management Order ¶ 5.

---

[1] Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 19, and December 22, 2008, respectively, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 13, 145, 151). Plaintiff asserted that he became disabled on January 20, 2006, due to cervical disc protrusion, cervical discopathy & radiculopathy, traumatic head injury, post-concussion head syndrome, adjustment disorder due to chronic pain, hypersomnia, neurogenic bladder, erectile dysfunction, and spinal cord stimulator implant. (AR 176). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) on June 1, 2010 and February 3, 2011. (AR 32-63).

On February 18, 2011, the Administrative Law Judge ("ALJ") determined that plaintiff was not disabled prior to February 28, 2010, but became disabled on February 28, 2010, and remained disabled through the date of the decision. (AR 14, 25). Specifically, the ALJ found: (1) between January 20, 2006 (*i.e.*, the date on which plaintiff alleges he became disabled) and February 28, 2010 (the date on which plaintiff actually became disabled according to the ALJ), plaintiff suffered from the following severe impairment: status post C6-7 cervical surgery with cord compression residuals[2] (AR 16); (2) since January 20, 2006, plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 18); (3) prior to February 28, 2010, plaintiff retained the residual functional capacity essentially to perform sedentary work

---

[2] The ALJ also found that, beginning on February 28, 2010, plaintiff suffered from the additional severe impairment of a neurogenic bladder. (AR 16).

with additional exertional and nonexertional limitations (AR 18);[3] (4) plaintiff could not perform his past relevant work (AR 23); (5) prior to February 28, 2010, there were jobs that existed in significant numbers in the national economy that plaintiff could perform, specifically hand cutter, product folder, and bench hand (AR 23-24); and (6) prior to February 28, 2010, plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 21).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

///

---

[3]The ALJ determined that prior to February 28, 2010, plaintiff (i) could lift up to ten pounds occasionally; (ii) could stand and walk up to two hours cumulatively, and sit up to six hours cumulatively in an eight-hour workday; (iii) required a cane for ambulation for distances greater than fifteen feet; (iv) could occasionally bend, stoop, kneel, crawl, and climb; (v) could occasionally push and pull with the upper extremities; (vi) could only occasionally perform complex technical work; and (vii) could perform simple, routine and repetitive work at a stress level of four on a scale of one to ten, with examples of "ten" being the stress level of an air traffic controller and "one" being the stress level of a night dishwasher (as such occupations are generally performed in the national economy). (AR 18-19).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

    (2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

    (3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

    (4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

    (5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

///

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.   DISCUSSION AND ORDERS**

Plaintiff contends that a reversal or remand is warranted, in part, because the ALJ failed properly to evaluate the opinions of multiple treating and/or examining physicians.  (Plaintiff's Motion at 3-12).  Defendant essentially concedes that the ALJ failed properly to evaluate certain medical opinion evidence, and that a reversal and remand for additional administrative proceedings is appropriate. (Defendant's Motion at 2-5).

The Court finds that remand is appropriate to permit the ALJ to reevaluate the medical opinion evidence, and, as appropriate, to develop the record further, hold a new hearing, and issue a new administrative decision.  However, notwithstanding plaintiff's contentions to the contrary, the Court is not persuaded

that this is one of the rare cases where immediate payment of benefits should be ordered.[4]

Accordingly, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 26, 2013

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

[5]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, the Administration may wish to consider defendant's request that the ALJ be instructed to:

> (1) update the treatment evidence on Plaintiff's medical conditions; (2) evaluate expressly the medical source opinions . . . and explain the reasons for the weight given to [such] opinion evidence; (3) reconsider Plaintiff's residual functional capacity based on the updated record, citing specific evidence in support of the assessed limitations; (4) consider further whether plaintiff has past relevant work that he could perform with the limitations established by the evidence; and (5) secure, as appropriate, supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

(Defendant's Motion at 4).